# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1005

_____

Beverly Enterprises-Minnesota, Inc.,    *
doing business as Golden Crest          *
Healthcare Center,                      *
                                        *
              Petitioner,               *
                                        *
       v.                               *
                                        *
National Labor Relations Board,         *
                                        *
              Respondent,               *
                                        *
United Steelworkers of America,         *
AFL-CIO, CLC,                           *
                                        *
              Intervenor on Appeal.     *

_____                    Appeal from a Decision
                               of the National Labor
No. 00-1006                    Relations Board.

_____

Beverly Enterprises-Minnesota, Inc.,    *
doing business as Golden Crest          *
Healthcare Center,                      *
                                        *
              Respondent,               *
                                        *
       v.                               *
                                        *

National Labor Relations Board,        *
                                       *
              Petitioner,              *
                                       *
United Steelworkers of America,        *
AFL-CIO, CLC,                          *
                                       *
              Intervenor on Appeal.    *

_____

Submitted: October 20, 2000

Filed: October 2, 2001
_____

Before WOLLMAN, Chief Judge, BEAM, and MORRIS SHEPPARD ARNOLD,
        Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Beverly Enterprises-Minnesota, Inc., d/b/a Golden Crest Healthcare Center (Beverly), petitions for review of a final order of the National Labor Relations Board (the Board) finding that it violated sections 8(a)(5) and (1) of the National Labor Relations Act (the Act), 29 U.S.C. §§ 151-169, by refusing to recognize and bargain with the United Steel Workers of America, AFL-CIO/CLC (the union), the certified collective bargaining agent for certain of its registered nurses and licensed practical nurses. The Board cross-petitions for enforcement of its order, and the union has intervened in support of the Board's decision. Because we conclude that the Board employed an improper legal standard in finding that the nurses were not statutory supervisors, we grant the petition for review and remand to the Board for reconsideration in light of NLRB v. Kentucky River Community Care, Inc., 121 S. Ct. 1861 (2001).

Section 2(3) of the Act states that the "term employee . . . shall not include . . . any individual employed as a supervisor." 29 U.S.C. § 152 (3) (1998). Because only employees may organize and engage in collective bargaining, 29 U.S.C. § 157 (1998), excepting supervisors from the definition of "employee" excludes them from the protections of the Act. Waverly-Cedar Falls Health Care Ctr., Inc. v. NLRB, 933 F.2d 626, 629 (8th Cir. 1991). Section 2(11) defines a "supervisor" as

> any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11).

The definition set forth in § 2(11) has three components. NLRB v. Health Care & Retirement Corp. of Am., 511 U.S. 571, 573-74 (1994). First, the employee must be acting in the "interest of the employer." Id. Second, the employee must have actual authority to accomplish one of the enumerated functions. Schnuck Markets, Inc. v. NLRB, 961 F.2d 700, 703 (8th Cir. 1992). This requirement is read disjunctively. Id. Thus, an employee possessing the authority to exercise any one of the enumerated functions satisfies the second component of the definition. Id. Moreover, the actual exercise of the enumerated power is irrelevant so long as the authority to do so is present. Waverly, 933 F.2d at 629. Third, the authority must involve the use of independent judgment and be more than routine or clerical in nature. Schnuck, 961 F.2d at 703. Thus, "so-called 'straw bosses' are not necessarily supervisors even if they give minor orders or supervise the work of others." Id. (quoting Phillips v. Kennedy, 542 F.2d 52, 56 (8th Cir. 1976)). Notably, "[t]he act does not distinguish professional employees from other employees for the purposes of the definition of supervisor in § 2(11)." Health Care, 511 U.S. at 581. "The

-3-

supervisor exclusion applies to 'any individual' meeting the statutory requirements, not to 'any non-professional employee.'" Id.

The Board concluded that Beverly's nurses are not supervisors within the meaning of the Act in part because they do not exercise "independent judgment" when directing or assigning other employees. This determination was made in light of the Board's understanding that "[a] nurse's articulating the meaning of an established health care routine . . . [w]ithout more . . . is not exercising § 2(11) independent judgment, but only making routine professional or technical judgment." Brief for NLRB at 18.

Generally, we will uphold the Board's findings regarding supervisory status under the Act so long as they are supported by substantial evidence on the record as a whole. Beverly Enterprises, d/b/a Lynwood Health Care Ctr. v. NLRB, 148 F.3d 1042, 1045 (8th Cir. 1998). Because the Board has exhibited a pattern of applying the statute in question inconsistently, however, "our review necessarily becomes more probing." Id. at 1045-46. Moreover, although the Board has broad authority to construe provisions of the Act, we will enforce the Board's order only if it has "correctly applied the law." NLRB v. Young Women's Christian Assoc. of Metropolitan St. Louis, 192 F.3d 1111, 1116 (8th Cir. 1999) (YWCA).

In light of the Supreme Court's recent decision in NLRB v. Kentucky River Community Care, Inc., 121 S. Ct. 1861 (2001), we conclude that the Board incorrectly applied the law in determining that Beverly's nurses were employees, rather than statutory supervisors. In Kentucky River, the Court explicitly rejected the Board's interpretation of "independent judgment," describing it as the insertion of "a startling categorical exclusion into statutory text that does not suggest its existence." Id. at 1867. The Court found that the Board by applying an exemption for professional or technical judgment only to the responsible direction function but not to any of the other eleven supervisory functions in § 152(11) had read

-4-

responsible direction out of the statute in nurse cases. Id. at 1869 (quoting Health Care, 511 U.S. at 578-79). The Court rejected the Board's argument that its reading was necessary to preserve the inclusion of professional employees within the Act, stating that the Board's position contradicted the text and structure of the statute as well as the rule adopted by the Court in Health Care.[1] Id. at 1871.

The Supreme Court's rejection of the legal standard utilized by the Board in this case precludes us from enforcing the Board's order. Kentucky River, 121 S. Ct. at 1871; YWCA, 192 F.3d at 1116. The Board has not requested that we enforce its order on alternate grounds, nor may we do so. Kentucky River, 121 S. Ct. at 1871. In light of the Supreme Court's opinion in Kentucky River, and in view of the Board's request that we do so, we conclude that the case should be remanded to afford the Board the opportunity to reconsider its decision.

Accordingly, the petition for review is granted, the cross-petition for enforcement of the order is denied, and the case is remanded to the Board for further proceedings in accordance with the views set forth in this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]In Health Care, the Court rejected the Board's interpretation of "in the interest of the employer." The Board had contended that independent judgment exercised incidental to professional or technical judgment in the direction of other employees instead of for disciplinary or other matters was in the interest of patient care rather than in the interest of the employer. Kentucky River, 121 S. Ct. at 1869.